IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LORRAINE TAYLOR, ) | |
| ) | |
|     Plaintiff, ) | Civil No. 08-640-JO |
| ) | |
|     v. ) | <u>OPINION AND ORDER</u> |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
|     Defendant. ) | |

    Merrill Schneider
    SCHNEIDER LAW OFFICES
    14415 S.E. Stark
    P. O. Box 16310
    Portland, OR  97292

     Attorney for Plaintiff

    David R. Johnson
    SOCIAL SECURITY ADMINISTRATION
    Office of the General Counsel
    701 Fifth Avenue
    Suite 2900 M/S 901
    Seattle, WA  98104

    Adrian L. Brown

UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

   Attorneys for Defendant

JONES, Judge:

Claimant Lorraine Taylor seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  Following a careful review of the record, the court concludes that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant protectively filed an application for SSI on March 9, 2004, alleging an inability to work since December 31, 1989.  The application was denied initially and on reconsideration.

Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on May 2, 2007.  Claimant, represented by counsel, appeared and testified at the hearing.  A vocational expert ("VE") also testified.  On July 12, 2007, the ALJ issued a decision denying claimant's application.  The ALJ's decision became the final decision of the Commissioner on March 26, 2008, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 416.920. The ALJ first determined that claimant had not engaged in substantial gainful activity since her application date of March 9, 2004.

Second, the ALJ found that claimant had severe and non-severe impairments. Specifically, the ALJ found claimant's impairments of hypertension, type-2 diabetes and anxiety disorder to be severe, but her impairments of backpain/strain secondary to obesity, alleged fibromyalgia, and Hepatitis-C to be non-severe. Tr. 18. The ALJ further found that claimant's impairments, either singly or in combination, did not meet or equal the criteria of any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 21.

In the next step of the evaluation, the ALJ determined that claimant retained the following residual functional capacity:

> [S]he has the residual functional capacity for light exertion with an environmental and some vocational non-exertional limitations. Exertionally, the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit, stand and walk for up to 6-hours in each activity (cumulatively, not continuously) in an 8-hour workday with normal breaks. Her push/pull exertional capacities, in her upper and lower extremities, are unlimited to the weight levels she can lift-and-carry, as set forth above.
>
> The claimant's environmental non-exertional limitation is that she cannot work around hazards such as working at unprotected heights or around machinery with

>exposed moving parts. Lastly, her vocational non-exertional limitations are that she is limited to no more than simple work requiring no direct interaction with the public in the course of carrying out work tasks.

Tr. 24. In making that determination, the ALJ found that claimant's allegations regarding her limitations were not entirely credible. Tr. 23.

The ALJ next determined that claimant had no past relevant work. At step five, considering claimant's age, education, work experience and residual functional capacity, as well as the VE's testimony and the Medical-Vocational Guidelines, the ALJ determined that claimant retained the capacity to perform the requirements of representative occupations such as Packager and Assembly, jobs that require no more than light exertion at an unskilled knowledge level. Tr. 25. Consequently, the ALJ found claimant not to be disabled at any time through the date of his decision within the meaning of the Social Security Act, and denied her application for benefits. Id.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant makes a variety of allegations of error in the Commissioner's decision: She contends that the ALJ improperly rejected her testimony and the statements of a lay witness; failed to properly classify as "severe" her complaints concerning Hepatitis C, obesity, tachycardia, fibromyalgia, gastrointestinal reflux disease, back and leg pain, and depression; improperly rejected objective medical evidence and physician reports substantiating her various

complaints; and erred in assessing her residual functional capacity, leading to an invalid vocational hypothetical question.

I reject all of claimant's allegations of error. In doing so, I note generally that both the ALJ's analysis and the explanation of his reasoning are thorough and complete. Claimant alleged a litany of physical and mental ailments,[1] some of which, the record shows, were of brief duration and/or of little consequence to claimant's overall capacity for work, and all of which the ALJ considered and either accepted or rejected with respect to severity based on all the evidence of record.[2] Moreover, as the Commissioner correctly points out, any error in the ALJ's designation of certain impairments as "non-severe" did not prejudice claimant at step two, because the ALJ properly included all evidence-supported work-related limitations in the residual functional capacity assessment. This court likewise has thoroughly studied the evidence of record, and is in full accord with the ALJ's findings concerning claimant's alleged impairments.

Underlying the ALJ's rationale is his negative finding concerning claimant's credibility, which is supported by a thorough discussion of the evidence, including the inconsistency between her subjective complaints and the objective medical evidence, her own inconsistent statements, and the substantial evidence of exaggeration. The ALJ's credibility finding was properly made based on his consideration of the relevant factors, and I find it to be error-free.

---

[1] Her alleged impairments include agoraphobia with panic attacks, depression, anxiety, heart murmur, GERD, legal blindness, hypertension, anemia, Hepatitis C, obesity, tachycardia, fibromyalgia, degenerative disc disease with spondylolithesis, dysfunctional uterine bleeding, methadone dependence, history of sexual abuse, social maladjustment, and bursitis.

[2] Contrary to claimant's argument, the record does not support a "diagnosis" of fibromyalgia.

Consequently, this court will not disturb the ALJ's decision to reject claimant's subjective testimony concerning the intensity, persistence and limiting effects of her symptoms. Nor do I find error in the ALJ's rejection of claimant's daughter's statements, which the ALJ correctly noted to reflect "limitations from pain for which no medical etiology or medical functional limitations have been found by any doctors." Tr. 23. My review of the record confirms that finding.

In summary, claimant's arguments are unpersuasive and are rejected.

## CONCLUSION

Based upon a review of the record, the Commissioner's decision denying claimant's application for SSI benefits is supported by substantial evidence on the record as a whole and is, therefore, AFFIRMED.

DATED this 10th day of June, 2009.

      /s/ Robert E. Jones
     ROBERT E. JONES
     U.S. District Judge